**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :
                                                         :     Chapter 11
                                                         :
**ADELINE OMER SANTIAGO AKA ADELINE**                    :
**M. OLMER,**                                            :     Case No. 17-22226 (RDD)
                                                         :
            Debtor.                                      :
                                                         :
------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 362(d)
## MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated October 29, 2018 (the "Motion"), of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 353 Sleepy Hollow Road, Briarcliff Manor, New York 10510-2138 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on January 24, 2019; and upon the objection of the debtor herein (the "Debtor") to the Motion (the "Objection"); and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing for the reasons stated by the Court at the hearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to

the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property under applicable non-bankruptcy law, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

**ORDERED**, that the Creditor shall promptly report and turn over to the Debtor and any successor thereto any surplus proceeds of the Property.

Dated: February 4, 2019
       White Plains, New York

                                    /s/ Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE