| UNITED STATES BANKRUPTCY COURT | HEARING DATE: September 4, 2019 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 AM |

---------------------------------------------------------x
In re                                                    :
                                                         : Case No. 17-22226 (RDD)
Adeline Olmer Santiago,                                  :
                                                         : (Chapter 11)
                   Debtor.                         :
---------------------------------------------------------x

PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law, the United States Trustee for Region 2 (the "United States Trustee") will move this Court before the Honorable Robert D. Drain, Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601, Courtroom 118 on September 4, 2019 at 10:00 A.M. , or as soon thereafter as counsel can be heard, for an order dismissing this case, and for such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Room 1006, New York, New York 10014, to the attention of Susan A. Arbeit, Esq., no later than seven (7) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
       July 19, 2019

                                                     WILLIAM K. HARRINGTON
                                                     UNITED STATES TRUSTEE

                             By:    /s/ Susan A. Arbeit
                                   Susan A. Arbeit
                                   Trial Attorney
                                   201 Varick Street, Room 1006
                                   New York, New York  10014
                                   Tel. No. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :   Case No. 17-22226 (RDD)
In re                                          :
                                                :
Adeline Olmer Santiago,            :   (Chapter 11)
                                                :
                    Debtor.                :
------------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO DISMISS THIS CHAPTER 11 CASE
OR, ALTERNATIVELY, CONVERT TO A CASE UNDER CHAPTER 7**

TO:     THE HONORABLE ROBERT D. DRAIN,
          UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by counsel, respectfully submits this Memorandum of Law in support of his motion to dismiss this chapter 11 case or, convert this chapter 11 case to a case under chapter 7. In support, the United States Trustee respectfully states:

## INTRODUCTION

Cause exists under 11 U.S.C. §1112(b)(4) to convert this chapter 11 case. First, the Debtor is severely delinquent in filing monthly operating reports. Second, the Debtor has failed to pay quarterly fees owed to the United States Trustee. Lastly, the Court vacated the automatic stay to allow the Secured Creditor to enforce its rights in the Residence, which was the Debtor's primary asset. Without the Residence, the Debtor does not have significant unencumbered assets to reorganize. In addition, the Debtor has made no effort to file a plan of reorganization. Based on these facts, the Court should dismiss the case. Alternatively, if it is determined prior to dismissal that it would be in the best interest of the Debtor's creditors to convert the case, then

the case should be converted.

## FACTS

1. On February 14, 2017, Adeline Olmer Santiago (the "Debtor") commenced this case by filing a voluntary petition (the "Petition") pursuant to chapter 11 of the Bankruptcy Code. Voluntary Petition, ECF No. 1.

2. The debtor filed for bankruptcy in order to obtain an affordable loan modification. Debtor's Declaration Pursuant to Local Bankruptcy Rule 1007-2, ECF No. 3.

3. The Debtor owns real estate (the "Residence") valued at approximately $1.6 million located at 353 Sleepy Hollow Road, Briarcliff, NY 10510. Id.

4. On October 29, 2018, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust (the "Secured Creditor") filed a Motion for Relief from the Automatic Stay with respect to the Residence. ECF No. 38.

5. On February 4, 2019, the Court granted the Secured Creditor's Motion and vacated the automatic stay. Order Granting Motion Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay, ECF No. 42.

6. As of the last monthly operating report, which was for September of 2017, the Debtor's personal property was worth $12,230.88. Monthly Operating Report for September 2017, ECF No. 30.

7. Most of the personal property listed on the September 2018 monthly operating report is listed as exempt by the Debtor on Schedule C of the Petition. Voluntary Petition, ECF No. 1.

8. To date, the Debtor has not filed a plan of reorganization. See Docket; see also

Declaration of Susan A. Arbeit in Support of United States Trustee's Motion to Dismiss or Convert (the "Arbeit Decl.") attached hereto as Exhibit 1, ¶ 2.

9. A review of the docket reveals that the Debtor has not filed a Monthly Operating Report since September 2017. See Docket; see also Arbeit Decl., ¶ 1.

10. The Debtor has not paid United States Trustee quarterly fees pursuant to 28 U.S.C. §1930(a)(6), together with any applicable interest pursuant to 31 U.S.C. §3717, for the third and fourth quarters of 2017, all quarterly fees for 2018, and, to date, the quarterly fees for 2019. See Arbeit Decl., ¶ 4. The Debtor owes an estimated $5,200.00, plus interest, in quarterly fees. Id.

## ARGUMENT

**A. Governing Law**

The Court shall convert or dismiss a case filed under chapter 11 for cause. See 11 U.S.C. § 1112(b)(4). The Bankruptcy Code describes a number of factors, any one of which may constitute "cause" for either dismissal or conversion of a chapter 11 case to a chapter 7 case. See 11 U.S.C. §1112(b)(2). Among other things, "cause" includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood or rehabilitation;
>
> (F) [the] unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28;

11 U.S.C. §1112(b)(4)(F), (J), & (K).

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. See In re BH S&B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y.

2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause'"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. In re The 1031 Tax Group, LLC, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

**B.      Cause Exists to Dismiss This Case**

Cause exists to dismiss this case due to the Debtor's delinquency in filing monthly operating reports, failure to pay United States Trustee quarterly fees, and that there has been a substantial loss to the estate, and there appears to be the absence of a reasonable likelihood of rehabilitation.

### 1. Failure to File Monthly Operating Reports

The Debtor has failed to file monthly operating reports since September 2017. Pursuant to 11 U.S.C. §704(a)(7) and (8), made applicable to chapter 11 cases by 11 U.S.C. § 1106(a)(1) and Fed. R. Bankr. P. 2015, a debtor is required to file financial reports on a periodic basis. The Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Operating Guidelines") specifically require a debtor to file monthly operating reports for each and every month for the duration of a debtor's chapter 11 case. Operating Guidelines at ¶9. The reports must be filed no later than the fifteenth day of the following month. Id.

The Debtor's failure to timely file monthly operating reports demonstrates a disregard for its responsibilities as a debtor-in-possession. See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (stating that debtors have a fiduciary duty of open, honest and straightforward

disclosure to the court and creditors). The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. See id. "Refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. The failure to file monthly operating statements . . . 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal of the Chapter 11 proceedings.'" In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 199 (Bankr. D. P.R. 2014) (quoting In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995); see also, In re GEL, 495 B.R. 240, (Bank. E.D.N.Y. 2012); In re Halal 4 U LLC, No. 08-15216 (MG), 2010 WL 3810860, *4 (Bankr. S.D.N.Y. Sept. 24, 2010); In re Rey, Nos. 04 B 35040, 04 B 22548, 06 B 4687, 2006 WL 2457435, *8 (Bankr. N.D. Ill. Aug. 21, 2006); In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994).

In this case, the Debtor's failure to timely file monthly operating reports has deprived the Court, the United States Trustee, and creditors of the ability to adequately monitor this case. The Debtor's unexcused failure to file these operating reports constitutes cause for the dismissal of the Debtor's case pursuant to 11 U.S.C. § 1112(b)(4)(F).

### 2. Failure to Pay United States Trustee Quarterly Fees

The Debtor has consistently failed to pay the United States Trustee the requisite quarterly fees. Section 1112(b)(4)(K) mandates conversion or dismissal of a chapter 11 case where a debtor has failed to pay fees required under chapter 123 of title 28. Section 1930(a)(6) of title 28 (a part of chapter 123 of title 28) requires chapter 11 debtors to pay quarterly fees to the Office of the United States Trustee. 28 U.S.C. §1930(a)(6). Hence, nonpayment of United States Trustee quarterly fees is grounds for conversion of a debtor's case. In re Tornheim, 181 B.R. at

164. The Debtor presently owes $5,200.00 in estimated United States Trustee quarterly fees. See Arbeit Decl., ¶ 4.

### 3. Substantial Loss and the Absence of a Reasonably Likelihood of Rehabilitation

Section 1112(b)(4)(A) mandates dismissal or conversion of a chapter 11 case when there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. As noted in paragraph 5 above, the Court entered an Order granting the Secured Creditor's Motion to Lift the Automatic Stay with respect to the Residence. ECF No. 42. The Residence appears to be the Debtor's most significant asset, and its loss is substantial to the Debtor's estate. Moreover, without the Residence, it is not clear that the Debtor has any assets to reorganize. Accordingly, cause exists for the dismissal or conversion of this case. See 11 U.S.C. § 1112(b)(4)(A)(substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation); see also Sullivan Cent. Plaza I, Ltd., v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.), 935 F.2d 723, 728 (5th Cir. 1991) (cause for conversion found where principal asset removed from estate through foreclosure sale after relief from stay granted).

**C.     There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal or conversion is not in the best interests of the creditors and the estate. The Debtor has not fulfilled many of her obligations as a chapter 11 debtor and to date has not filed a plan of reorganization.

**C.  Dismissal is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). See also In re Colon Martinez, 472 B.R. 137, 145 (1st Cir. B.A.P. 2012) (stating that court has broad discretion to convert or dismiss a chapter 11 case); In re AdBrite Corp., 290 B.R. at 215 (same). The United States Trustee recommends that the case be dismissed inasmuch as there are no assets with which to make any distributions to unsecured and nonpriority creditors since the automatic stay has been lifted and the Debtor's home can be foreclosed upon. See In re Hi-Toc

Development Corp., 159 B.R. 691, 693 (Bankr. S.D.N.Y. 1993) (dismissing a single asset bankruptcy case when the value of the estate was less than the debt held by the Debtor). Furthermore, there are no nonexempt assets to liquidate if the case were converted to a case under Chapter 7. See In re Costa Bonita Beach Resort, 513 B.R. 184, 201 (Bankr. E.D.N.Y. 2014) (holding that dismissal is appropriate when unsecured creditors are not likely to receive a dividend upon liquidation). Finally, the Debtor's purpose for filing this bankruptcy proceeding has been frustrated, which admittedly was to obtain an affordable loan modification, because the automatic stay has been vacated and the Residence can be foreclosed upon. Accordingly, the United States Trustee recommends that this case be dismissed. Alternatively, if it is determined prior to dismissal that the Debtor may have assets that can be liquidated for the benefit of creditors, then the United States Trustee respectfully requests that the Court convert the case to a case under chapter 7.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter the proposed order, attached hereto as <u>Exhibit 2</u>, granting this Motion and dismissing this chapter 11 case. Alternatively, if it determined prior to dismissal that the Debtor may have assets that can be liquidated for the benefit of creditors, then the United States Trustee respectfully requests that the Court convert the case to a case under chapter 7, and grant such other relief as the Court deems fit.

Dated: New York, New York
July 19, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: */s/ Susan A. Arbeit*
Susan A. Arbeit
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. No. (212) 510-0500